Filed 3/22/21  P. v. Marler CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>REBECCA ELLEN MARLER,<br><br>Defendant and Appellant. | C091553<br><br>(Super. Ct. No. CRF18-0002694) |

Counsel appointed on behalf of defendant Rebecca Ellen Marler asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

FACTS AND PROCEEDINGS

Defendant came up behind Nathan B., the victim, and tried to pull his backpack off of him, ripping it.  She then cursed at him and told him to get away.  The victim

1

ignored defendant and attempted to walk away, at which point she sprayed him in the eyes with bear or pepper spray. The victim had had previous encounters with defendant, including other occasions on which she called him names and harassed him.

Police Officer Nicholas Mitchell was dispatched to the scene. He was familiar with defendant from previous law enforcement contacts. She told Mitchell she had sprayed the victim because he had been following her and "creeping on her" that day and for over a year. Mitchell searched her bag and found pepper spray.

An information charged defendant with unlawful use of tear gas (Pen. Code, § 22810, subd. (g)(1))[1] and vandalism (§ 594, subd. (b)(2)(A)).

After counsel declared a doubt as to defendant's competency under section 1368, the court ordered proceedings suspended and referred her for an evaluation. Defendant refused to speak with the evaluating doctor. Thus, under the section 1369, subdivision (f) presumption of competence, the trial court reinstated proceedings. Defendant also refused to cooperate with defense counsel, ultimately resulting in appointment of new counsel.

Following a court trial, the court found defendant guilty on both counts. Because defendant refused to cooperate with probation, and therefore was not amenable to probation, the court sentenced her to the low term of 16 months for unlawful use of tear gas and a concurrent one-year term for vandalism. The trial court awarded her 576 days presentence custody credit on the unlawful tear gas and 364 days of presentence custody credit on the vandalism, totaling more than her commitment time. The trial court also ordered $50 in direct victim restitution, and various fines and fees.

Defendant filed a timely notice of appeal.

---

[1]     Undesignated statutory references are to the Penal Code.

2

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                    KRAUSE            , J.



We concur:



     MAURO           , Acting P. J.



     RENNER          , J.



3